# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES DOOM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-409-R |
|  | ) |  |
|  | ) |  |
| CAROLYN W. COLVIN, Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Plaintiff James Doom filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits ("DIB") under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), this Court referred the matter to United States Magistrate Judge Shon T. Erwin for preliminary review. Judge Erwin issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be reversed and the case remanded. Doc. No. 21. The matter is currently before the Court on the Commissioner's objection to the Report and Recommendation (Doc. No. 22), giving rise to the Court's obligation to conduct a *de novo* review. For the reasons discussed below, the undersigned concurs with Judge Erwin and **ADOPTS** his Report and Recommendation. The decision of the Commissioner is reversed, and the matter remanded for further administrative proceedings.

## I. Background

Plaintiff James Doom appeals the decision of the ALJ which found that he was not disabled. Judge Erwin found that remand was warranted based on the ALJ's assessment of Plaintiff's mental impairment.[1] As only the Commissioner has objected to the Report and Recommendation, the Court addresses only this ground.

## II. The Report and Recommendation

Judge Erwin recommended that the case be remanded because the Administrative Law Judge ("ALJ") did not properly account for certain opinions by the state-agency consultant, Dr. Diane Hyde, relating to Plaintiff's mental impairments. Dr. Hyde identified the following work-related limitations:

- Marked limitations in his ability to understand, remember, and carry out detailed instructions,
- The ability to perform simple tasks with routine supervision,
- The ability to relate to others on a superficial basis,
- The ability to adapt to a work situation for simple, work-related purposes, and
- The inability to have contact with the general public.

Transcript of Administrative Record ("Tr.") at 897-99. The ALJ explicitly acknowledged some of Dr. Hyde's opinions regarding Plaintiff's ability to perform simple tasks with routine supervision and relate to others superficially. Tr. at 18, 51. However, as Judge Erwin noted, the ALJ's RFC and hypothetical to the vocational expert only included a

---

[1] Judge Erwin also concluded that the ALJ did not err in failing to perform a "function-by-function" assessment, nor did the ALJ err in its conclusions regarding Mr. Doom's physical impairments or the ALJ's consideration of Mr. Doom's impairments regarding his "degenerated knees and back and inability to fully use his dominant hand." Plaintiff has not filed an objection to the Magistrate Judge's Report and Recommendation and therefore has waived appellate review as to these issues. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

limitation regarding Plaintiff's interaction with the general public. Doc. No. 21, at 8, 11. This inconsistency, Judge Erwin concluded, represented an apparent rejection of some of Dr. Hyde's opinions. Doc. No. 21, at 8. Because this rejection was unaccompanied by an explanation, Judge Erwin concluded, remand was appropriate on this basis alone. Doc. No. 21, at 7-9 (citing to *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2017), *Lopez v. Colvin*, 2016 WL 766408 (10th Cir. Feb 29, 2016); Martinez *v. Astrue*, 422 F. App'x 719 (10th Cir. 2011)).

However, Judge Erwin also considered the Commissioner's argument that the ALJ accounted for these mental impairments by limiting Plaintiff to unskilled work. At the outset, Judge Erwin noted that the Commissioner's argument was factually inaccurate. That is, the ALJ did not – in either his RFC or his hypothetical to the vocational expert – actually include a limitation on unskilled work.

Even if the ALJ had included such a limitation, Judge Erwin reasoned, it would not be sufficient to accommodate the mental impairments at issue. In reaching this conclusion, Judge Erwin analyzed *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012), upon which Plaintiff heavily relied, and *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), upon which the Commissioner heavily relied. Judge Erwin concluded that *Vigil* is distinguishable and *Chapo* is applicable:

> The distinguishing factors in *Vigil* and *Chapo* are decisive to resolution of the issue here. In *Vigil*, the work-related limitation dealt only with skill level and was expressed accordingly, by the ALJ's limitation in the RFC to "unskilled work." Thus, the Court found no error because the work-related limitation and the RFC dealt only with skill level. But in *Chapo*, the work-related limitations went beyond "skill

3

> level," including limitations like the ones espoused by Dr. Hyde in the instant case. And like in *Chapo*, the ALJ here only included one limitation in the hypothetical to the VE—regarding Mr. Doom's inability to deal with the general public.

*Id.* at 9-10.

Accordingly, Judge Erwin recommended reversal and remand on the alternative ground that a limitation to unskilled work would be insufficient to address the mental impairments at issue.

## III. THE COMMISSIONER'S OBJECTION

The Commissioner objects, arguing first that the ALJ "*did* account for Dr. Hyde's opinions – by ultimately finding that Plaintiff could perform unskilled work." Doc. No. 22 at 2. Second, the Commissioner argues that under *Vigil*, a limitation to unskilled work is sufficient to accommodate the mental impairments at issue.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

## V. ANALYSIS

The Commissioner's arguments in her Objection all suffer from the same fatal flaw: neither the RFC nor the hypothetical to the vocational expert included a limitation

for unskilled work. Tr. at 18, 51. Rather, the ALJ determined that Plaintiff could work the jobs the vocational expert identified – which happened to be unskilled. Tr. at 23.

The Commissioner's argument that the ALJ "accounted" for the mental impairments through a limitation of unskilled work requires the Court to read several rationalizations into the ALJ's decision. First, the Court would need to read a limitation of unskilled work into the RFC and the hypothetical to the vocational expert. Next, the Court would have to read into the ALJ's analysis that he included this limitation to address the mental impairments listed above. This type of analysis would be a post-hoc justification of the ALJ's decision, something this Court cannot do. *Haga*, 482 F.3d at 1207-08 (this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself); *Benavidez v. Colvin*, 2016 WL 3135830, at *3 (10th Cir. May 26, 2016) (declining to entertain post-hoc justifications) (citing *id.*; *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007)).

Accordingly, the undersigned agrees with Judge Erwin that it appears that the ALJ rejected some portions of Dr. Hyde's opinion while adopting others. The ALJ's failure to explain this apparent rejection is alone grounds for reversal. *See Haga*, 482 F.3d at 1208 (error for ALJ to fail to explain why rejected some restrictions while appearing to adopt others); *Martinez*, 422 F. App'x 719 (10th Cir. 2011) (same).

Moreover, the fact that the RFC and the hypothetical failed to include a limitation to unskilled work makes this case more analogous to *Chapo* than *Vigil*. The ALJ in *Vigil* specifically addressed evidence that the impairments at issue precluded him from performing complex tasks. *Id.* at 1203. The ALJ then accounted for these mental

impairments by a limitation to unskilled work in the RFC. *Id.* Similarly, in *Hernandez v. Colvin*, another case the Commissioner cites in her Objection, it was apparent from the ALJ's decision why the limitation of unskilled work covered the impairment at issue. 567 F. App'x 576, 582-83 (10th Cir. 2014). By contrast, in this case, not only is there no such limitation, there is not an explanation for how a limitation to unskilled would address the mental impairments that Dr. Hyde identified, in particular those related to Plaintiff's (1) marked limitations in his ability to understand, remember, and carry out detailed instructions; (2) ability to perform simple tasks with routine supervision, (3) ability to relate to others only on a superficial basis, and (4) ability to adapt to a work situation for simple, work-related purposes. If the Court were to affirm the ALJ's holding, it would have to read such an explanation, post hoc, into the ALJ's decision. As discussed above, the Court is not permitted to do so. Accordingly, the undersigned cannot agree with the Commissioner that the ALJ accounted for these impairments in his decision.[2]

Thus, on the record before the Court, it appears that the ALJ either rejected portions of Dr. Hyde's opinion without explanation, or failed to account for certain mental impairments in his decision and thus provided a defective hypothetical to the vocational expert. Either defect constitutes grounds for reversal and remand.

Accordingly, the undersigned agrees with the analysis of Judge Erwin and finds reversal and remand is warranted.

---

[2] Because the adoption of Commissioner's position would require impermissible post-hoc rationalizations, the undersigned need not reach the question of whether, as Judge Erwin found, Dr. Hyde's opinions "reached beyond 'skill level,'" such that a limitation to unskilled work would have been insufficient.

## VI. CONCLUSION

For the reasons stated above, the court **ADOPTS** the Report and Recommendation [Doc. No. 21], **REVERSES** the final decision of the Commissioner, and **REMANDS** the case for further proceedings consistent with the Report and Recommendation. This decision does not suggest or imply any view as to whether Plaintiff is or is not disabled, or what result should be reached on remand.

**IT IS SO ORDERED** this 13th day of June, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE