IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JAMES DOOM, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. CIV-15-409-R |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of the Social | ) |  |
| Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER**

Pending before the Court is Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b), Doc. 31. On June 13, 2016, the Court reversed the Commissioner's decision denying Plaintiff disability benefits and remanded the matter to the administrative law judge ("ALJ") for further proceedings. *See* Doc. 23. Upon remand on January 21, 2018, the ALJ awarded Plaintiff $80,069 in past-due benefits, $20,017.25 withheld for attorney's fees. *See* Doc. 31-2, at 4. On January 25, Plaintiff filed this timely Rule 60(b) motion to amend the Court's earlier judgment and grant him $20,017.25 in attorney's fees. *See* Fed. R. Civ. Pro. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time."); *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."). The Court now reviews whether the requested fee amount is "reasonable" and not in excess of 25% of past-due benefits under 42 U.S.C. § 406(b)(1)(A). The Court hereby grants the Motion for the following reasons.

1

The Supreme Court instructed courts to look first to the "contingent-fee agreement" and "then test[] it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). To determine reasonableness, the Court considers attorney delay, the quality of representation, and whether an award constitutes a "windfall" for the lawyer relative to their time spent on the case. *See id.* Looking first to the contingent-fee agreement, Counsel requests the twenty-five percent statutory maximum fee award, or $20,017.25, governed by Plaintiff's "Attorney Fee Agreement." Doc. 31-1; *see* 42 U.S.C. § 406(b)(1)(A). The agreement sets counsel's fee at the greater of (1) 25% of past-due benefits resulting from Plaintiff's claims, "which [Plaintiff] understand[s] may exceed $500.00 per hour," or (2) the EAJA award. *Id.* at 1.

Counsel's 25% contingency fee is reasonable. It accounts for the inherent risk of litigating social security cases, in which there is no guarantee counsel will be completely compensated for their services.[1] *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) ("[W]e cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate

---

[1] Counsel cites federal court statistics that are over 13 years old and uses the wrong numbers. *See* Doc. 31, at 4. However, his argument about litigation risk remains true. In 2004, about 37% of federal social security cases (not 35.5%) ultimately produced attorney's fees under 42 U.S.C. § 406(b). SOCIAL SECURITY ADVISORY BOARD, DISABILITY DECISION MAKING: DATA AND MATERIALS 89 (May 2006). Federal Courts reversed 6% of cases for payment of benefits and remanded 46% of cases for further administrative proceedings. *Id.* The Court multiplied 46% by 67%, the percentage of remand cases that were ultimately found entitled to benefits, and added this 31% product to the 6% of reversal cases. The most recent data in 2010 suggests that this 37% number has remained stagnant, if not slightly lower as the reversal rate has creeped downward. *See* SOCIAL SECURITY ADVISORY BOARD, ASPECTS OF DISABILITY DECISION MAKING: DATA AND MATERIALS 70 (Feb. 2012).

in others. It is the nature of the beast."). Counsel performed 30.55 hours filing a complaint (Doc. 1), amended complaint (Doc. 7), and opening social security brief (Doc. 14) at a $190 hourly rate; a paralegal billed 14.8 hours at a $110 rate. Subtracting the $1,628 in paralegal fees, awarding counsel's preferred fee would constitute a $602 hourly rate. At first glance, the amount is high, and presumably much of Plaintiff's $80,069 past-due benefits can be attributed to the year-and-a-half-long delay on remand from the Court, not to counsel's work. However, Plaintiff still received a substantial award in large part due to counsel's efforts. Counsel's representation was professional and there was no significant delay attributable to him. Further, Plaintiff had notice of the potential consequences of his contingent-fee agreement; the agreement makes clear that a 25% contingency may entitle counsel to an hourly rate above $500, which makes a $602 hourly rate more reasonable. *See* Doc. 31-1, at 1. In light of these facts, the nature of contingency work, and the fee awards in other cases, the requested § 406(b) attorney's fee is reasonable for work performed in this case before this Court. *See generally McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006); *Gordon v. Astrue*, 361 F. App'x 933 (10th Cir. 2010).

The Court hereby GRANTS the Motion for Attorney's Fees, Doc. 31, under 42 U.S.C. § 406(b) and awards Plaintiff's counsel $20,017.25 in fees. The Commissioner shall pay the fees directly to Plaintiff's counsel Miles L. Mitzner. In light of the previous EAJA fee award, counsel shall reimburse Plaintiff the amount of $5,500. *See* Order and Judgment Granting EAJA Award, Docs. 27 and 28; Attorney Fee Agreement, Doc. 31-1; 42 U.S.C. § 406(b)(1)(A) ("In case of any such [judgment of past-due benefits under this chapter], no other fee may be payable or certified for payment for such representation except as

3

provided in this paragraph."); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) ("[T]he attorney will receive both the award under EAJA and the award under the Social Security Act, but will be required to pay the smaller amount to his client.").

IT IS SO ORDERED this 30th day of January, 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE